UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DAVID EKUKPE,

                Plaintiff,                         **COMPLAINT**

          -against-                    Trial by Jury Demanded

THE CITY OF NEW YORK,
NYPD OFFICER JUAN SANTIAGO,
NYPD OFFICER OSVALDO HERNANDEZ
and NYPD SGT. JOHN FERRARA,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES, JURISDICTION and VENUE

        1.  That at all times herein mentioned, plaintiff was and is a United States citizen and resident of the State of New York, residing at 3103 Third Avenue, Bronx, NY.

        2.  That this Court has jurisdiction over this action in that some of the causes of action herein arise under 42 U.S.C. § 1983.

        3.  That venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) in that the events giving rise to this action occurred in this district.

        4.  That at all times herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

        5.  That prior to the institution of this action and within ninety (90) days from the date when the state-law causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the defendants on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice

of claim and intention to sue was presented and the defendants have neglected and/or

refused to make adjustment or payment thereon, and this action is being commenced

within one year and ninety days after the state-law causes of action accrued herein.

6.  That at all times herein mentioned, defendant The City of New York

(hereinafter "the City") operated, controlled, and maintained a police force known as the

New York Police Department (hereinafter "the NYPD").

7.  That at all times herein mentioned, defendant NYPD Officer Juan

Santiago (hereinafter "Santiago") was and is employed as a police officer with the NYPD.

8.  That at all times herein mentioned, Santiago was acting within the course

and scope of his employment with the NYPD.

9.  That at all times herein mentioned, Santiago was acting under color of

state law.

10.  That at all times herein mentioned, defendant NYPD Officer Osvaldo

Hernandez (hereinafter "Hernandez") was and is employed as a police officer with the

NYPD.

11.  That at all times herein mentioned, Hernandez was acting within the

course and scope of his employment with the NYPD.

12.  That at all times herein mentioned, Hernandez was acting under color

of state law.

13.  That at all times herein mentioned, defendant NYPD Sgt. John Ferrara

(hereinafter "Ferrara") was and is employed as a police sergeant with the NYPD.

14.  That at all times herein mentioned, Ferrara was acting within the course

and scope of his employment with the NYPD.

15. That at all times herein mentioned, Ferrara was acting under color of state law.

16. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## FACTS

17. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

18. That on July 18, 2014, plaintiff and his friends were outside the front entrance of plaintiff's residence at 3103 Third Avenue, Bronx, New York (hereinafter "the building").

19. That while plaintiff and his friends were outside the front entrance of the building, they were approached by officers of the NYPD (hereinafter "the officers"), including but not limited to defendants Santiago, Hernandez, and Ferrara.

20. That after approaching plaintiff and his friends, the officers questioned the group as to whether they resided in the building, and plaintiff responded that he did reside in the building.

21. That after approaching plaintiff and his friends, the officers also searched plaintiff's friends without a warrant, without their consent, and without probable cause or reasonable suspicion to believe that they had committed or were about to commit any crime or violation.

22. That after approaching plaintiff and his friends, the officers also directed plaintiff and his friends to leave the location.

23.  That in response to the officers' actions and directive, plaintiff told the officers that he had a right to remain outside his residence and he questioned the officers' authority to direct him and his friends to leave the location.

24.  That plaintiff's statement and inquiry to the officers constituted protected speech under the Free Speech Clause of the First Amendment of the United States Constitution.

25.  That in response to plaintiff's exercise of his rights under the First Amendment, the officers forcibly seized and grabbed plaintiff, choked plaintiff, forcibly brought plaintiff to the ground, kneed plaintiff in the back, placed plaintiff in handcuffs, and otherwise used excessive force against plaintiff.

26.  That after placing plaintiff in handcuffs, the officers forcibly detained plaintiff, without his consent and against his will, at various locations, including a police precinct.

27.  That after being taken into custody, plaintiff was imprisoned without his consent and against his will at, among other locations, Central Booking, until his release several days thereafter.

28.  That on or about July 18, 2014, the officers also initiated and/or caused to be initiated a criminal prosecution of plaintiff, charging plaintiff with crimes and criminal violations (Disorderly Conduct, Harassment, Obstructing Governmental Administration, and Resisting Arrest) of which plaintiff was innocent and of which the officers knew plaintiff to be innocent.

29.  That the officers did not have probable cause to believe that plaintiff was in fact guilty of any of the crimes or violations with which he was charged.

30.  That in support of the aforesaid criminal prosecution, the officers intentionally forwarded to the District Attorney fabricated evidence.

31.  That included among the fabricated evidence forwarded to the District Attorney were statements by Santiago that plaintiff and his friends inconvenienced others by causing them to walk around and through the congregated persons, and statements by Santiago that plaintiff pushed Santiago and Hernandez and that plaintiff flailed his arms, kicked his legs, twisted his body, and refused to be handcuffed.

32.  That included among the fabricated evidence forwarded to the District Attorney was a statement by Hernandez that plaintiff pushed Hernandez.

33.  That the fabricated evidence forwarded by the officers to the District Attorney was material to the prosecution of plaintiff and was likely to influence any jury in its decision whether to convict plaintiff of the crimes and violations with which he was charged.

34.  That in support of the aforesaid criminal prosecution, Santiago also signed and swore to a Criminal Court Complaint, repeating the fabricated evidence and charging plaintiff with Disorderly Conduct, Harassment, Obstructing Governmental Administration, and Resisting Arrest.

35.  That the criminal prosecution of plaintiff continued for over one year, during which time plaintiff was required to and actually did appear in court on numerous occasions and was restricted in his travel and liberty.

36.  That the aforesaid actions of the officers were undertaken without a warrant and without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or violation, and without otherwise being justified.

37.   That the aforesaid actions of the officers were in fact motivated by a desire to punish plaintiff and to retaliate against plaintiff for having voiced criticism at the offices and for having exercised his First Amendment right of free speech.

38.   That the aforesaid actions of the officers in arresting, imprisoning, and prosecuting plaintiff were motivated by a desire to cover up the officers' malfeasance in using force against plaintiff that was excessive and was not justified.

39.   That the aforesaid actions of the officers were intentional, malicious, and spiteful in nature.

40.   That on July 22, 2015, all of the criminal charges against plaintiff were dismissed on the merits, and the criminal prosecution terminated favorably to plaintiff.

41.   That the dismissal of the criminal charges was informed by videotape footage that depicted plaintiff's interaction with the officers and flatly contradicted the officers' claims that plaintiff had committed the crimes and violations with which he was charged and flatly contradicted the purported evidence that the officers fabricated in support of the prosecution of plaintiff.

42.   That each of the officers observed the improper and unconstitutional conduct of his fellow officers, had a reasonable opportunity to intervene to prevent and/or stop that conduct, but failed and refused to do so.

43.   That as a result of the aforesaid actions of the officers, plaintiff sustained physical and psychological injuries and emotional distress, endured and will continue to endure pain and suffering and loss of enjoyment of life, was deprived of his liberty and freedom, was caused to be embarrassed and humiliated, and was otherwise damaged.

## FIRST CAUSE OFACTION AGAINST
## SANTIAGO, HERNANDEZ and FERRARA
(42 U.S.C. § 1983:  Excessive Force)

44.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

45.  That the aforesaid actions by defendants Santiago, Hernandez, and Ferrara constituted excessive force against plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

## SECOND CAUSE OFACTION AGAINST
## SANTIAGO, HERNANDEZ and FERRARA
(42 U.S.C. § 1983:  False Arrest/Imprisonment)

46.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

47.  That the aforesaid actions by defendants Santiago, Hernandez, and Ferrara constituted a false arrest and imprisonment of plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Malicious Prosecution Under NY State Law)

48.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

49.  That the aforesaid actions by defendants constituted a malicious prosecution of plaintiff, for which defendants Santiago, Hernandez, and Ferrara are liable under New York State law and for which the City is vicariously liable under the doctrine of respondeat superior.

## FOURTH CAUSE OF ACTION AGAINST
## SANTIAGO, HERNANDEZ and FERRARA
(42 U.S.C. § 1983:  Malicious Prosecution)

50.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

51.  That the aforesaid actions by defendants Santiago, Hernandez, and Ferrara constituted a malicious prosecution of plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

## FIFTH CAUSE OF ACTION AGAINST
## SANTIAGO, HERNANDEZ and FERRARA
(42 U.S.C. § 1983:  Denial of Right to Fair Trial)

52.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

53.  That the aforesaid actions by defendants Santiago, Hernandez, and Ferrara constituted a denial of plaintiff's right to a fair trial, in violation of plaintiff's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

## SIXTH CAUSE OF ACTION AGAINST
## SANTIAGO, HERNANDEZ and FERRARA
(42 U.S.C. § 1983:  First Amendment Violation)

54.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

55.  That the aforesaid actions by defendants Santiago, Hernandez, and Ferrara constituted a violation of the First Amendment's proscription against prohibiting or abridging plaintiff's freedom of speech and his right to petition the government for a

redress of grievances, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

## SEVENTH CAUSE OF ACTION AGAINST
## SANTIAGO, HERNANDEZ and FERRARA
### (42 U.S.C. § 1983:  Failure to Intervene)

56.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

57.  That Santiago's, Hernandez's, and Ferrara's failure to intervene to prevent and/or stop the improper and unconstitutional conduct of their fellow officers entitles plaintiff to recover monetary damages from these defendants under 42 U.S.C. § 1983.

WHEREFORE, plaintiff demands judgment in the form of compensatory damages against defendants, and each of them, on all of the aforementioned causes of action, in the amount of Two Million ($2,000,000.00) Dollars, together with punitive damages against Santiago, Hernandez, and Ferrara, each in the amount of Two Hundred Fifty Thousand ($250,000.00) Dollars, and plaintiff demands attorneys' fees against Santiago, Hernandez, and Ferrara pursuant to 42 USC § 1988, and plaintiff demands the costs and disbursements of this action.

Dated:  New York, New York
        July 7, 2016

Yours, etc.
SIVIN & MILLER, LLP

By_____
        Edward Sivin
        Attorneys for Plaintiff
        20 Vesey Street, Suite 1400
        New York, NY  10007
        (212) 349-0300

Case No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID EKUKPE,

               Plaintiff,

         -against-

THE CITY OF NEW YORK, et. al.,

             Defendants.

# COMPLAINT

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007
(212) 349-0300
FAX (212) 406-9462