UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID EKUKPE,

                           Plaintiff,

          -against-

NYPD OFFICER JUAN SANTIAGO and NYPD SGT.
JOHN FERRARA,

                           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   3/30/2020

16 Civ. 5412 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

Before the Court is Plaintiff, David Ekukpe's, post-trial motion for attorney's fees.  For
the reasons stated below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

On July 7, 2016, Plaintiff brought this action against New York City Police Department

Officer Juan Santiago and Sergeant John Ferrara under 42 U.S.C. § 1983 and New York state

law alleging excessive force, false arrest, malicious prosecution, denial of the right to a fair trial,

failure to intervene, and First Amendment violations.  Compl., ECF No. 1.[1]  This Court held a

jury trial beginning on June 18, 2018.  On June 22, 2018, the jury rendered a verdict finding: (1)

Santiago not liable on Plaintiff's claim for excessive force, (2) Ferrera liable on Plaintiff's claim

for excessive force, fixing damages at $1 in nominal damages and $500 in punitive damages, (3)

both Defendants liable on Plaintiff's claim for false arrest, fixing compensatory damages at

$10,000 for each Defendant, (4) both Defendants liable on Plaintiff's claim for malicious

prosecution under 42 U.S.C. § 1983, fixing compensatory damages at $37,500 and $2,000 in

punitive damages for each Defendant, (5) both Defendants liable on Plaintiff's claim for

---

[1] Plaintiff also brought this action against The City of New York and New York City Police Department Officer
Osvaldo Hernandez.  On June 14, 2018, the Court granted the parties' stipulation of voluntary dismissal as to those
defendants. ECF No. 96.

malicious prosecution under New York state law, fixing nominal damages at $1 for each Defendant, and $500 in punitive damages for Santiago, (6) both Defendants liable on Plaintiff's claim for denial of the right to a fair trial, fixing compensatory damages at $37,500 and punitive damages at $2,500 for each Defendant, (7) both Defendants liable on Plaintiff's claim for failure to intervene, fixing nominal damages at $1 for each Defendant, and (8) neither Defendant liable on Plaintiff's claim for retaliation against Plaintiff for exercising his First Amendment rights.  Ct. Exs. 4–7, ECF No. 97.

After trial, Defendants moved for judgment as a matter of law in accordance with Federal Rule of Civil Procedure 50 and a new trial or remittitur in accordance with Federal Rule of Civil Procedure 59.  ECF Nos. 123, 129.  On March 8, 2019, the Court denied the motions for a new trial and remittitur, but granted Ferrara's motion for judgment as a matter of law as to Plaintiff's failure to intervene claim.  ECF No. 147.

## DISCUSSION

I.    Legal Standard

42 U.S.C. § 1988, allows the award of "a reasonable attorney's fee" to "the prevailing party" in various kinds of civil rights cases, including suits brought under § 1983.  *Fox v. Vice*, 563 U.S. 826, 832–33 (2011) (quoting 42 U.S.C. § 1988).  "[A] reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case."  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (internal quotation marks and citation omitted).  "In the Second Circuit, attorney['s] fees awards are [] calculated based on the 'presumptively reasonable fee' approach."  *McGlone v. Contract Callers Inc.*, 146 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."

*Dancy v. McGinley*, 141 F. Supp. 3d 231, 235 (S.D.N.Y 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (alteration omitted).

A court's calculation of "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citation omitted).  "The reasonable hourly rate is the rate a paying client would be willing to pay."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).  In calculating that rate, the court must "bear in mind *all* of the case-specific variables . . . relevant to the reasonableness of attorney's fees."  *Id.* These include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3; *see id.* at 191.  There is a presumption that "a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally," and so in ordinary circumstances courts may rely on typical fees within the district as a measure of reasonableness.  *Id.* at 191.

In determining the number of hours reasonably expended, courts must consider both "contemporaneous time records specifying, for each attorney, the date, hours expended, and nature of the work done," *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2011) (internal quotation marks, citation, and alterations omitted), as well as "its own familiarity with the case and its experience generally as well as . . . the evidentiary submissions and

arguments of the parties," *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992) (internal quotation marks and citation omitted).  Courts may reduce the fee award requested in some circumstances, such as when plaintiffs submit deficient or incomplete billing records, *see Hensley*, 461 U.S. at 437 n.12, or in order to exclude "excessive, redundant, or otherwise unnecessary hours," *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

Once the lodestar is calculated, it may be adjusted only on "when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea*, 658 F.3d at 167.  The Second Circuit has instructed, however, that "such adjustments are appropriate only in rare circumstances," and "a court may not adjust the lodestar based on factors already included in the lodestar calculation itself," but rather "only by factors relevant to the determination of reasonable attorneys' fees that were not already considered in the initial lodestar calculation."  *Id.* (internal quotation marks and citation omitted).

II.    Reasonable Hourly Rate

Plaintiff's legal team consisted of five individuals:  Edward Sivin, Glen Miller, John Knudsen, Clelia Douyon, and Jake Ethé.  Pl. Mem. at 6–9, ECF No. 159.  Plaintiff requests an hourly reate of $700 for Sivin, Miller, and Knudsen, *id.* at 6–7, $250 for Douyon, *id.* at 8, and $150 for Ethé, *id.* at 9–10.

A.    Edward Sivin and Glenn D. Miller

Sivin and Miller are partners in the law firm Sivin & Miller, LLP.  Sivin Decl. ¶¶ 6, 8, ECF No. 158.  The firm focuses on cases alleging police and correctional officer misconduct, and has litigated numerous cases in that area.  *Id.* ¶ 8.  Sivin graduated from Rutgers-Camden Law School and was admitted to the bar in 1982.  *Id.* ¶ 7.  He has practiced plaintiff-side litigation for 37 years.  *Id.* ¶ 8.  Miller graduated from Boston University School of Law and was

admitted to the bar in 1985. *Id.* ¶ 10. He began his career at the Legal Aid Society of New York, where he tried numerous cases and rose to the level of supervisor, before entering private practice. *Id.* In private practice, he has worked on false arrest, excessive force, and other police and corrections officer misconduct cases. *Id.* ¶ 11.

Plaintiff requests a $700 hourly rate for Sivin and Miller on the basis of affidavits submitted by four experienced civil rights attorneys attesting that a rate in that range would be a reasonable one for attorneys of Sivin's and Miller's caliber, *see* ECF Nos. 158-1–158-4, and several cases where hourly rates in that range were approved as reasonable by courts in this circuit. Pl. Mem. at 5–7. Defendants argue that the requested rate far exceeds the typical one awarded to even experienced civil rights counsel, and that the cases relied on by Plaintiff involved much more complex and arduous work than this matter. Santiago Opp. at 3–6, ECF No. 163; Ferrara Opp. at 9–12, ECF No. 164

In the Southern District of New York, "the customary rate for experienced litigators ranges from about $400 to $600 per hour in civil rights and ADA cases." *Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 496 (S.D.N.Y. 2019) (collecting cases); *see also, e.g.*, *Cocuzza v. Rockland Cty., New York*, No. 17 Civ. 8217, 2019 WL 6498915, at *4 (S.D.N.Y. Nov. 7, 2019) ("Precedent in the Southern District of New York demonstrates that a reasonable hourly rate for a civil rights attorney can range from $250 to $650."), *report and recommendation adopted*, 2019 WL 6498092 (S.D.N.Y. Dec. 2, 2019). In several recent cases that resemble this one—which involved relatively light discovery, no expert testimony, no pretrial dispositive motions practice, and five days of trial," *see* DiFiore Decl. ¶ 4, ECF No. 165—courts in this district have held that for trial attorneys with experience comparable to Sivin and Miller a reasonable hourly rate is $450. *See Lilly v. City of New York*, No. 16 Civ. 322, 2017

WL 3493249, at *4 (S.D.N.Y. Aug. 15, 2017) ("Taking into account [trial counsel's] extensive

experience and qualifications, as well as the relatively straightforward nature of the case at hand

and the determinations made in the recent comparable cases discussed above, the Court finds that

an hourly rate of $450 is appropriate."), *rev'd on other grounds*, 934 F.3d 222 (2d Cir. 2019);

*Balu v. City of New York*, No. 12 Civ. 1071, 2016 WL 884666, at *4 (S.D.N.Y. Mar. 8, 2016)

(setting $450 hourly rate for experienced trial counsel in employment discrimination case with a

four-day trial); *Dancy*, 141 F. Supp. 3d at 238–39 (holding that "[i]t is reasonable to

award . . . an hourly rate of $450 per hour" to counsel with 36 years of civil rights experience,

"account[ing] for the relatively uncomplicated nature of this matter").  The Court concludes that

$450 per hour is a reasonable rate for Sivin and Miller, balancing their extensive experience and

senior position with the relatively straightforward course of this litigation.

      Plaintiff points to the $500 per hour rate awarded to Sivin and Miller in a state court

action involving false arrest and malicious prosecution, but admits that case proceeded over the

course of nine years, and was presumably significantly more complex than this action.  *See* Pl.

Mem. at 6–7.  The other cases presented by Plaintiff in favor of a higher rate are not persuasive.

In *Restivo v. Nassau County*, a court in the Eastern District of New York determined that $700

was "a reasonable rate" for senior partners of a firm based in the Southern District in a case

involving wrongful murder convictions, "in light of the complexity of the issues involved in [the]

dispute; the forty years of experience litigating civil rights that both attorneys brought to the

case; and the market for legal services in the Southern District of New York, which supports a

$700 per hour rate for senior partners."  No. 06 Civ. 6720, 2015 WL 7734100, at *3 (E.D.N.Y

Nov. 30, 2015).  That case is an outlier, involving complex litigation over eight years,

culminating in two trials spanning more than four months and involving complicated expert

testimony. *Id.* at *1.  In a more typical decision in 2017, a court in this district decided on a $450

hourly rate for an attorney with "comparable experience and qualifications" to the attorneys in

*Restivo*, on the ground that "the duration and simplicity of [the] case warrant[ed] a reduction."

*Lilly*, 2017 WL 3493249, at *4.

The second case relied on by Plaintiff, *Amaprop Ltd. v. Indiabulls Financial Services*

*Ltd.*, has no relevance to the calculation here.  No. 10 Civ. 1853, 2011 WL 1002439 (S.D.N.Y.

Mar. 16, 2011), *aff'd*, 483 F. App'x 634 (2d Cir. 2012).  In *Amaprop*, a court in this district

approved hourly rates of $761 and $616, respectively, for two partners at the law firm Orrick,

Herrington & Sutcliffe LLP, in a matter involving a petition to compel arbitration and an

international anti-suit injunction.  *Id.* at *6.  The court noted that "the fees charged by—and

awarded to—Orrick in previous cases are consistent with those" rates, and those rates were

typical "for New York firms of comparable size and reputation."  *Id.  Amaprop* is far afield from

this case:  it concerned a different subject matter, a different category of legal work, and a

different type of law firm.  The fee awarded there sheds little light on what fee "is sufficient to

induce a capable attorney to undertake the representation of a meritorious civil rights case."

*Perdue*, 559 U.S. at 552.

Accordingly, the hourly rate for Sivin's and Miller's work[2] is set at $450.

---

[2] Santiago argues that Miller's rate should be reduced for the 49 hours he spent at trial, because he did not present evidence, participate in cross-examination or make opening or closing arguments.  Santiago Opp. at 12.  He relies on the opinion in *Rosasa v. Hudson River Club Rest.*, No. 96 Civ. 0993, 1998 WL 106141, at *3 (S.D.N.Y. Mar. 9, 1998), which reduced a partner's fee at trial because the partner's "function at trial was to assist [the first chair] and it is appropriate that he be paid an assistant's fee."  Having observed the trial, however, it is apparent to the Court that Miller did not operate merely as an observer and assistant.  As Santiago concedes, he made evidentiary objections throughout the proceeding.  The Court concludes, therefore, that his rate should not be reduced for the hours spent at trial.

B.      John Knudsen

Knudsen is a solo practitioner who acted "of counsel" to Sivin & Miller, and served as

co-trial counsel in this action.  Sivin Decl. ¶ 12.  Knudsen graduated from Brooklyn Law School

and was admitted to the bar in 1995.  Knudsen C.V., ECF No. 158–6.  From 2001 to 2016,

Knudsen served as an attorney in the Litigation Bureau of the New York Attorney General's

Office, rising to the level of Section Chief.  *Id.*  In that capacity, he supervised and participated in

numerous civil rights cases, representing the state.  *Id.*

Knudsen's role in this case was similar to Sivin's and Miller's.  And although he has

practiced for a shorter period of time than Sivin or Miller, *see* Santiago Opp. at 7, 24 years of

practice experience qualifies him as a highly experienced attorney.  Moreover, 15 of those years

were spent in government service litigating civil rights cases, where Knudsen rose to a senior

position.  In light of the quality and length of his experience, there is no reason to set Knudsen's

hourly rate lower than Sivin's or Miller's.

Accordingly, the hourly rate for Knudsen's work is set at $450.

C.      Clelia Douyon

Douyon graduated from Cardozo School of Law and was admitted to the bar in 2014.

Sivin Decl. ¶ 14.  She was a legal assistant at Sivin & Miller starting in 2012, and an associate

from 2014 to 2018.  *Id.*  In that capacity she worked on pretrial litigation of this case in 2017 and

2018.  Pl. Mem. at 8; *see* Douyon Time Records, ECF No. 158-10.  Plaintiff requests a $250

hourly rate for Douyon.  Pl. Mem. at 8–9.  Ferrara contests that rate, arguing that $225 per hour

is a more typical rate for an associate with her experience at the time she conducted work on this

case.  Ferrara Opp. at 12.

Both Plaintiff and Ferrara point to the opinion of a court in this district in *DeCastro v. City of New York*, which set an hourly rate of $225 for an associate with "approximately three years of experience at the time this fee application was submitted."  No. 16 Civ. 3850, 2017 WL 4386372, at *6 (S.D.N.Y Sept. 30, 2017) (collecting cases); Pl. Mem. at 8; Ferrara Opp. at 12. Plaintiff argues that Douyon's rate should be somewhat higher, because she had approximately four years of experience at the end of her time on the case.  Pl. Mem. at 8–9.  Ferrara responds that because the majority of Douyon's work was completed before she accrued 3 years of experience, the rate set in *DeCastro* is appropriate.  Plaintiff has the better argument.  In general, courts determining attorney's fees take into account attorneys' experience level at the conclusion of the litigation, not throughout its pendency.  For example, the associate in *DeCastro* had roughly three years' experience "at the time [the] fee application was submitted."  2017 WL 4386372, at *6.

Plaintiff's request for a $250 hourly rate for Douyon is entirely reasonable given her experience and role in the litigation.  Accordingly, the hourly rate for Douyon is set at $250.

D.      Jake Ethé

Ethé graduated college in 2017, and joined Sivin & Miller as a legal assistant in 2018. Sivin Decl. ¶ 15.  Plaintiff requests an hourly rate of $150 for Ethé, based on the opinion in *Sidley Holding Corp. v. Ruderman*, No. 08 Civ. 2513, 2009 WL 6047187, at *26 (S.D.N.Y. Dec. 30, 2009*), report and recommendation adopted*, 2010 WL 963416 (S.D.N.Y. Mar. 15, 2010), which held that "recent fee awards within the district reflect hourly rates in the range . . . $125.00 to $170.00 for paralegals."  The court in that case held that "a paralegal with extensive experience in real estate litigation, should trigger fees of . . . $125.00 for his work on the federal-court proceeding."  *Id.*  Defendants oppose that rate as excessive.  Santiago Opp. at 8; Ferrara

Opp. at 13.  They argue that courts in this district have recognized that "$75 per hour is [the] customary billing rate for paralegals in this district."  *Shabazz v. City of New York*, No. 14 Civ. 6417, 2015 WL 7779267, at *4 (S.D.N.Y. Dec. 2, 2015) (citing *Salama v. City of New York*, 13 Civ. 9006, 2015 WL 411873, at *3 (S.D.N.Y July 8, 2015)); *see also Greathouse v. JHS Sec. Inc.*, No. 11 Civ. 7845, 2017 WL 606507, at *6 (S.D.N.Y. Feb. 15, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 4174811 (S.D.N.Y. Sept. 20, 2017), *aff'd*, 735 F. App'x 25 (2d Cir. 2018).  The Court agrees with Defendants.  A higher rate may be justified for "a paralegal with extensive experience," *Sidley Holding Corp.*, 2009 WL 6047187, at *26, but for a paralegal with virtually no experience like the one in this case there is no reason to go above a $75 hourly rate.

Accordingly, the hourly rate for Ethé is set at $75.

## III.   Reasonable Hours Worked

Plaintiffs submit the following hours worked:  Edward Sivin, 121.1 hours[3]; Glenn Miller, 53.6 hours; John Knudsen, 287.4 hours; Clelia Douyon, 137.7 hours; and Jake Ethé, 70.25 hours. Pl. Mem. at 14; Sivin Decl. ¶ 18; *see* Sivin Timesheet, ECF No. 158-7; Miller Timesheet, ECF No. 158-8; Knudsen Timesheet, ECF No. 158-9; Douyon Timesheet, ECF No. 158-10; Ethé Timesheet, ECF No. 158-11.

Defendants contest the reasonableness of those hours on a number of grounds.  Primarily, Defendants argue that the documentation of counsel's hours is inadequate to support the amount requested.  Santiago Opp. at 10–11; Ferrara Opp. at 6–8.  "[T]he Court may reduce the fees requested for billing entries that are vague and do not sufficiently demonstrate what counsel

---

[3] In his opening brief, Plaintiff listed Sivin as having worked 217.3 hours, and that number is listed as the total hours worked in Sivin's declaration and on his timesheet.  The sum of the hours documented on the timesheet, however, is 121.1 hours, and in a reply declaration, Sivin acknowledges that the earlier request was an "inexplicable" error. Sivin Reply Decl. ¶ 2, ECF No. 166.

did." *Dixon v. Agbai*, No. 15 Civ. 850, 2016 WL 3702749, at *17 (S.D.N.Y. July 8, 2016)

(collecting cases), *report and recommendation adopted*, 2016 WL 5660246 (S.D.N.Y. Sept. 28,

2016).  Plaintiff's counsel's records in general are not unduly vague.  Defendants complain

specifically that 31.3 of Sivin's hours are described with "review file" or "review entire file."

Santiago Opp. at 11; Ferrara Opp. at 6–7; Sivin Timesheet at 1–3.  That complaint is not

justified.  The referenced entries include the designation "review file," but also include other

reasonable tasks to which that task was attached; for example, "Review entire file; draft Notice

of Claim and memo . . . re next steps,"   or "Review file in preparation for tomorrow's settlement

discussion."  *See* Sivin Timesheet at 1–3.  Defendants raise the same issue with respect to

Knudsen's time records, but again, Knudsen's entries for review of the case file do not consume

an unreasonable amount of time and generally are connected to other reasonable activities.  *See*

Knudsen Timesheet at 1.

       Defendants also argue that the Court should disallow hours spent by attorneys on

administrative tasks.  Ferrara Opp. at 8; Santiago Opp. at 11.  "[A]dministrative and clerical

work—such as serving and filing papers—is not compensable as part of an award for attorney's

fees."  *Wright v. City of New York*, 283 F. Supp. 3d 98, 106 (S.D.N.Y. 2017).  Defendants point

to entries on Sivin's timesheet that include filing or mailing documents, and entries on Douyon's

timesheet that include scanning, filing, and printing.  Ferrara Opp. at 8; Santiago Opp. at 11.  But

again, Defendants are conflating time entries that include administrative tasks with entries that

entirely consist of administrative tasks.  It is apparent from the relevant entries that the attorneys

were engaged in essentially legal work, and that the administrative tasks Defendants refer to

were included in the interest of completeness, rather than constituting a significant component of

the time billed for.

Defendant Ferrara also argues that the hours Sivin recorded as spent on the motion for attorney's fees should be reduced as unreasonable.  Ferrara Opp. at 8–9.  Sivin documented spending 32.2 hours on Plaintiff's fee application.  Sivin Timesheet at 4.  While spending that many hours on a fee application is on the high end of what would be reasonable, courts in this district have specifically approved as reasonable an attorney's spending approximately 32 hours on preparing a fee application, in a case where the attorney's total hours worked numbered about 146.  *See Black v. Nunwood, Inc.*, No. 13 Civ. 7207, 2015 WL 1958917, at \*7 (S.D.N.Y. Apr. 30, 2015).  The Court, therefore, concludes that Sivin did not spend an unreasonable number of hours on the fee application.

Finally, Ferrara argues that time spent litigating against the city should not be included, because Plaintiff settled his claim against the City of New York.  Ferrara Opp. at 13–14.  "An attorney is not entitled to fees arising from claims against other unrelated defendants." *Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11 Civ.. 5980, 2013 WL 5977440, at \*15 (S.D.N.Y. Nov. 12, 2013), *report and recommendation adopted*, 2014 WL 112397 (S.D.N.Y. Jan. 8, 2014).  Ferrara points to Sivin's entries indicating that he billed 1.8 hours to "[r]ead through City's Rule 26 exchange," 11.2 hours to prepare a mediation memo, and 4.3 hours to prepare for and attend mediation with the City pursuant to SDNY Local Rule 83.10.  Ferrara Opp. at 14; Sivin Timesheet at 2.  The Court agrees with Ferrara that these hours should be excluded.  It is not apparent what portion, if any, of the hours reviewing the City's disclosures and preparing for mediation with the City is related to litigation against Ferrara or Santiago.  Accordingly, Sivin's hours will be reduced by 17.3.

IV.   Calculation of Fees

Based on the findings above, the fees owed to Plaintiff can be calculated as follows.

Sivin is credited with 103.8 hours, Miller with 53.6, and Knudsen with 287.4, for a total of 444.8

hours, each at a rate of $450 per hour, producing an award of $200,160.  Douyoun is credited

with 137.7 hours, at a rate of $250 per hour, producing an award of $34,425.  And Ethé is

credited with 70.25 hours at a rate of $75 per hour, producing an award of $5,268.75.  Thus, the

total lodestar amount equals $239,835.75.  The Court also concludes that this is not one of the

"rare circumstances" in which the lodestar amount "does not adequately take into account a

factor that may properly be considered in determining a reasonable fee."  *Millea*, 658 F.3d at 167

(internal quotation marks and citation omitted).

Accordingly, Plaintiff is awarded $239,835.75 in attorney's fees.

V.   Costs

Plaintiff also seeks $2,538.31 in litigation expenses.  Pl. Mem. at 14; Sivin Decl. ¶ 19.

Defendants argue that Plaintiff's counsel's failure to produce detailed and documented records of

litigation expenses should lead to a substantial reduction in the costs awarded.  Santiago Opp. at

12–14; Ferrara Opp. at 14–15.  Courts in this district "repeatedly [have] refused to award costs

absent supporting documentation."  *Sevilla v. Nekasa Inc.*, No. 16 Civ. 2368, 2017 WL 1185572,

at *8 (S.D.N.Y. Mar. 30, 2017) (collecting cases).  Plaintiff has provided reasonable

documentation to support $377.34 in service expenses, ECF No. 158-12 at 3–4, and $30.42 in

payments for exhibit books and tabs, *id.* at 2.  The Court may also take judicial notice of $400

filing fee required in this district, *see Sevilla*, 2017 WL 1185572, at *8, which matches a $400

expense submitted by Plaintiff, ECF No. 158-12 at 2.  The remainder of the documentation

submitted by Plaintiff, however, is not sufficient; it consists of a list of line items in a

spreadsheet labeled "Billable Expense Charges," with "reporters" written next to it in pen.  *Id.* at

1.  That documentation is nothing more than "a list of expenditures," and does not allow the

Court to assess the veracity or the reasonableness of the expenses.  *Sevilla*, 2017 WL 1185572, at

*8.

Accordingly, Plaintiff is awarded $807.76 in litigation expenses.

## CONCLUSION

Plaintiff's motion for attorney's fees is GRANTED in part and DENIED in part.  Plaintiff

is awarded $239,835.75 in attorney's fees and $807.76 in litigation expenses, for a total award of

$240,643.51.

The Clerk of Court is directed to terminate the motion at ECF No. 157.

SO ORDERED.

Dated:  March 30, 2020
      New York, New York

_____
        ANALISA TORRES
      United States District Judge