UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID EKUKPE,

                        Plaintiff,

                        -against-

NYPD OFFICER JUAN SANTIAGO and NYPD SGT. JOHN FERRARA,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/30/2020_

16 Civ. 5412 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Before the Court is Plaintiff, David Ekukpe's, supplemental motion for attorney's fees. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

    On July 7, 2016, Plaintiff brought this action against New York City Police Department Officer Juan Santiago and Sergeant John Ferrara under 42 U.S.C. § 1983 and New York state law alleging excessive force, false arrest, malicious prosecution, denial of the right to a fair trial, failure to intervene, and First Amendment violations. Compl., ECF No. 1.[1] This Court held a jury trial commencing on June 18, 2018. 6/18–22/2018 Docket Entries. On June 22, 2018, the jury rendered a verdict finding: (1) Santiago not liable on Plaintiff's claim for excessive force, (2) Ferrera liable on Plaintiff's claim for excessive force, fixing damages at $1 in nominal damages and $500 in punitive damages, (3) both Defendants liable on Plaintiff's claim for false arrest, fixing compensatory damages at $10,000 for each Defendant, (4) both Defendants liable on Plaintiff's claim for malicious prosecution under 42 U.S.C. § 1983, fixing compensatory damages at $37,500 and $2,000 in punitive damages for each Defendant, (5) both Defendants

---

[1] Plaintiff also brought this action against The City of New York and New York City Police Department Officer Osvaldo Hernandez. On June 14, 2018, the Court granted the parties' stipulation of voluntary dismissal as to those defendants. ECF No. 96.

liable on Plaintiff's claim for malicious prosecution under New York state law, fixing nominal damages at $1 for each Defendant, and $500 in punitive damages for Santiago, (6) both Defendants liable on Plaintiff's claim for denial of the right to a fair trial, fixing compensatory damages at $37,500 and punitive damages at $2,500 for each Defendant, (7) both Defendants liable on Plaintiff's claim for failure to intervene, fixing nominal damages at $1 for each Defendant, and (8) neither Defendant liable on Plaintiff's claim for retaliation against Plaintiff for exercising his First Amendment rights. Ct. Exs. 4–7, ECF No. 97.

After trial, Defendants moved for judgment as a matter of law in accordance with Federal Rule of Civil Procedure 50 and a new trial or remittitur in accordance with Federal Rule of Civil Procedure 59. ECF Nos. 123, 129. On March 8, 2019, the Court denied the motions for a new trial and remittitur, but granted Ferrara's motion for judgment as a matter of law as to Plaintiff's failure to intervene claim. ECF No. 147. Defendants appealed the March 8, 2019 order to the Second Circuit. ECF No. 152.

On March 31, 2020, the Court granted in part and denied in part Plaintiff's motion for attorney's fees. ECF No. 168. On August 17, 2020, the Second Circuit affirmed the March 8, 2019 order. ECF No. 169-2.

## DISCUSSION

I. <u>Legal Standard</u>

42 U.S.C. § 1988 allows the award of "a reasonable attorney's fee" to "the prevailing party" in various kinds of civil rights cases, including suits brought under § 1983. *Fox v. Vice*, 563 U.S. 826, 832–33 (2011) (quoting 42 U.S.C. § 1988). This includes a supplemental award of fees to a party who prevailed at appeal. *Hastings v. Me.-Endwell Cent. Sch. Dist.*, 676 F.2d 893, 896-97 (2d Cir. 1982). "[A] reasonable fee is a fee that is sufficient to induce a capable

attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (internal quotation marks and citation omitted). "In the Second Circuit, attorney['s] fees awards are [] calculated based on the 'presumptively reasonable fee' approach." *McGlone v. Contract Callers Inc.*, 146 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Dancy v. McGinley*, 141 F. Supp. 3d 231, 235 (S.D.N.Y 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (alteration omitted).

A court's calculation of "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citation omitted). "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). In calculating that rate, the court must "bear in mind *all* of the case-specific variables . . . relevant to the reasonableness of attorney's fees." *Id.* (emphasis in original). These include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3; *see id.* at 191. There is a presumption that "a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally," and so in ordinary circumstances courts may rely on typical fees within the district as a measure of reasonableness. *Id.* at 191.

In determining the number of hours reasonably expended, courts must consider both "contemporaneous time records . . . specifying, for each attorney, the date, hours expended, and nature of the work done," *Marion S. Mishkin Law Off. v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2011) (internal quotation marks, citation, and alterations omitted), in addition to "its own familiarity with the case and its experience generally as well as . . . the evidentiary submissions and arguments of the parties," *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (internal quotation marks and citation omitted). Courts may reduce the fee award requested in some circumstances, such as when plaintiffs submit deficient or incomplete billing records, *see Hensley*, 461 U.S. at 437 & n.12, or in order to exclude "excessive, redundant, or otherwise unnecessary hours," *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

Once the lodestar is calculated, it may be adjusted only "when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea*, 658 F.3d at 167 (internal quotation marks and citation omitted). The Second Circuit has instructed, however, that "such adjustments are appropriate only in rare circumstances," and "a court may not adjust the lodestar based on factors already included in the lodestar calculation itself," but rather "only by factors relevant to the determination of reasonable attorneys' fees that were not already considered in the initial lodestar calculation." *Id.* (internal quotation marks and citation omitted).

II.     <u>Reasonable Hourly Rate</u>

Plaintiff's legal team consisted of four individuals: Edward Sivin, Glen Miller, John Knudsen, and Jake Ethé. Pl. Mem. at 3, ECF No. 169-8. The Court previously set the reasonable hourly rates for Plaintiff's team, based on their experience and the complexity of the case, as follows: Edward Sivin, Glenn Miller, and John Knudson at $450, and Jake Ethé at $75.

ECF No. 168 at 7, 8, 10.  Plaintiff has not requested, and the Court sees no reason, to diverge from these rates.

    III.       <u>Reasonable Hours Worked</u>

Plaintiff submits the following hours worked:  Edward Sivin, 31.8 hours; Glenn Miller, 7 hours; John Knudsen, 177.5 hours; and Jake Ethé, 4.9 hours.  Pl. Mem. at 3; Sivin Decl. ¶ 6, ECF No. 169-1; *see* Sivin Supplemental Time Records, ECF No. 169-3; Miller Supplemental Time Records, ECF No. 169-4; Knudsen Supplemental Time Records, ECF No. 169-5; Ethé Supplemental Time Records, ECF No. 169-6.

The Court has reviewed Plaintiff's attorneys' time records and finds the documentation of each lawyer's hours adequate and the time spent reasonable, and Defendants do not contest the issue.  *Ramos v. Greenwich Catering Corp.*, No. 18 Civ. 4790, 2020 WL 833071, at *2 (S.D.N.Y. Feb. 20, 2020) (reviewing the invoices submitted in an unopposed motion for attorney's fees invoices before approving the hours as reasonable).

    IV.       <u>Calculation of Fees</u>

Based on the findings above, the fees owed to Plaintiff can be calculated as follows.  Sivin is credited with 31.8 hours, Miller with 7, and Knudsen with 177.5, for a total of 216.3 hours, each at a rate of $450 per hour, producing an award of $97,335.00.  And Ethé is credited with 4.9 hours at a rate of $75 per hour, producing an award of $367.50.  Thus, the total lodestar amount equals $97,702.50.  The Court also concludes that this is not one of the "rare circumstances" in which the lodestar amount "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea*, 658 F.3d at 167 (internal quotation marks and citation omitted).

Accordingly, Plaintiff is awarded $97,702.50 in attorney's fees.

V.     Costs

Plaintiff also seeks $838.34 in litigation expenses.  Pl. Mem. at 3; Sivin Decl. ¶ 67.  Such expenses must be supported by documentation.  *Sevilla v. Nekasa Inc.*, No. 16 Civ. 2368, 2017 WL 1185572, at *8 (S.D.N.Y. Mar. 30, 2017) (collecting cases).  Plaintiff has provided reasonable documentation to support $838.34 in payment for printing and court filing fees, and Defendant does not object to these costs.  *See Zimmerman v. Portfolio Recovery Assocs., LLC*, No. 09 Civ. 4602, 2013 WL 6508813, at *12–13 (S.D.N.Y. Dec. 12, 2013) (noting copying and court filing fees are "legitimate expenses that would normally be charged to clients").

Accordingly, Plaintiff is awarded $838.34 in litigation expenses.

## CONCLUSION

Plaintiff's motion for attorney's fees is GRANTED.  Plaintiff is awarded $97,702.50 in attorney's fees and $838.34 in litigation expenses, for a total award of $98,540.84

SO ORDERED.

Dated: November 30, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge